**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Civil Action Number:

ALEXANDER JOHNSON,

    Plaintiff,
vs.

OCARIS MANAGEMENT GROUP INC
d/b/a U-Gas East Flagler,

    Defendant.

---

**COMPLAINT**

---

Plaintiff Alexander Johnson ("Plaintiff"), by and through his undersigned counsel, and hereby files this Complaint and sues Defendant Ocaris Management Group Inc d/b/a U-Gas East Flagler ("Defendant") for injunctive relief, attorneys fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12181-12189 ("ADA") and compensatory and punitive damages pursuant to the Florida Civil Rights Act as codified in Florida Statutes Chapter §760, specifically, F.S. §760.08 and alleges:

**JURISDICTION AND VENUE**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA") and 28 C.F.R. §§36.302, 36.303 and supplemental jurisdiction over the related state law claim

1

pursuant to 28 U.S.C. §1367. The foregoing constitutes violation of 28 C.F.R. §§36.302, 36.303 and 42 U.S.C. §12182.

2. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

3. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred in the State of Florida, Southern District of Florida.

4. The remedies provided by Florida Statute §760 are not exclusive, and state administrative remedies need not be exhausted in connection with suits brought under the ADA.

5. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) because the Defendant is conducting business within the jurisdiction of this court by virtue of the fact its place of public accommodation is available to the general public within this district and the acts constituting the violation of the ADA occurred in this district.

6. Defendant is authorized to conduct business within the State of Florida as a Florida for-profit corporation.

7. Defendant maintains a physical presence within this district by virtue of fact that its gasoline station is within this district and is open to the public.

8. Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

9. Plaintiff Alexander Johnson was (and is currently) a resident of the State of Florida who suffers from what constitutes a "qualified disability" under the ADA. Plaintiff is (and has been) hearing impaired and suffers from severe bilateral

sensorineural hearing loss. Plaintiff's disability is defined in 28 C.F.R. §36.105(b)(2); Plaintiff's hearing impairment is listed among the physical impairments that substantially limits one or more major life activities; therefore Plaintiff suffers from a disability covered by the protected class of disabled persons under the ADA and by Florida Statutes §§760.01(2) and 760.02(11).

10. Defendant is the operator as a franchisee of a gasoline station under the brand name "U-Gas." Defendant owns and/or operates its U-Gas gasoline station within the State of Florida which is open to the public.

11. Defendant is defined as a "Public Accommodation" within meaning of Title III because Defendant is a private entity which owns and/or operates as a franchisee a U-Gas brand gasoline station which is defined within U.S.C. §12181(7)(F) and 28 C.F.R. §36.104.

12. Defendant's U-gas service station is open to the public and is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation as defined by 42 U.S.C. §12181(7)(F); §12182, and §36.104(6). Defendant's U-gas service station is also referenced throughout as a "Place of Public Accommodation," "gas station," or "U-gas service station."

13. Defendant's U-gas service station also contains a convenience store which is a place of public accommodation as defined as: "[A] bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment," pursuant to 42 U.S.C. §12181(7)(E) and §36.104(5).

14. On August 30, 2018 and again on October 1, 2018, Plaintiff personally visited Defendant's U-gas service station located at 2695 West Flagler Street, Miami,

Florida 33135 to purchase gasoline for his automobile. The Plaintiff's visit was prior to instituting the instant action.

15. Defendant's U-gas service station gasoline pumps contain an audio-visual television media feature embedded within each of the gasoline pumps wherein the television media feature provides advertising, entertainment and news to customers of the gas station ("television media feature"). The television media feature adds to the enjoyment of the public while pumping gas and helps keep their customers informed and entertained.

16. On both occasions, Plaintiff asked an employee working at the U-gas service station for assistance in activating the closed captioning feature on the television media feature. Defendant's employee was unable to assist the Plaintiff to activate (turn on) closed captioning for the television media feature.

17. During Plaintiff's patronage of Defendant's U-gas service station, Plaintiff wanted to be entertained and informed by watching the news and entertainment programming on the television media feature which was/is centrally mounted within the gasoline pumps for the explicit purpose of entertaining and informing the public while they pump gas and patronize Defendant's gas station. However, the Plaintiff was unable to comprehend the news and entertainment programming fully because the television media features were not displayed with closed captioning.

18. Defendant has failed to make the television media feature showcased within its media feature within its U-gas service station readily accessible to and usable by individuals with hearing disabilities.

19. On both occasions, Plaintiff was denied the ability to fully comprehend the entertainment and information displayed on the television media feature at Defendant's U-gas service due to the lack of closed captioning for Defendant's deaf and hard of hearing customers. Therefore, the Plaintiff suffered an injury in fact.

20. This discrimination has resulted in Plaintiff being denied full and equal provision of goods, services, facilities, privileges, advantages, and accommodations being offered at Defendant's U-gas service, which is a place of public accommodation. See, Exhibit "A" for verification of Plaintiff's visit to the Defendant's place of public accommodation.

21. On information and belief, the Defendant is well aware of the ADA and the need to provide for closed captioning on the television media feature embedded in its gasoline pumps for the purpose of informing and entertaining its patrons.

22. Therefore, the Defendant's failure to reasonably accommodate the hearing disabled by providing closed captioning for its television media features at its U-gas service station is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

23. As a result of the Defendant's discrimination, the Plaintiff suffered loss of dignity, mental anguish and other tangible injuries.

24. As an owner of an automobile and in need of gasoline on a regular basis, Plaintiff has a concrete plan to patronize Defendant's U-gas service station when he is treated like other members of the public (by utilizing closed captioning so that he is able to comprehend the television media feature embedded within the gasoline pumps) because that U-gas service station is within proximity to Plaintiff's regular travel

destinations

25. As an owner of an automobile and in need of gasoline on a regular basis, Plaintiff has a concrete plan to patronize Defendant's U-gas service station and continues to desire to return to purchase gas and to use the car wash services the gas station offers, when he is treated like other members of the public (by utilizing closed captioning so that he is able to comprehend the television media feature embedded within the gasoline pumps)  because that gas station is within proximity to Plaintiff's regular travel destinations.

26. Plaintiff has patronized Defendant's U-gas service station in the past and continues to desire to return to purchase gasoline therein, but Plaintiff continues to be injured in that (because of Defendant's refusal to enable closed captioning on the television media feature within the U-gas service station) Plaintiff is unable to understand the entertainment and news content programming as presented therein, in violation of his civil rights, the ADA, and state statutes.

27. For all of the foregoing, Plaintiff has no adequate remedy at law.

28. Plaintiff has retained the law offices of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred.

## COUNT I – CLOSED CAPTIONS – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

29. The Americans with Disabilities Act ("ADA") is landmark civil rights legislation that is the result of decades of advocacy to improve the lives and role in society of all persons with disabilities.  The ADA was enacted and effective as of July 26,

1990. The ADA legislation has been protecting disabled persons from discrimination due to disabilities for 28 years.

30. The Hearing Loss Association of America reports that approximately 36 million American adults report some degree of hearing loss. Approximately 1 million Americans are functionally deaf.

31. Many people with hearing loss utilize closed and open captioning to fully comprehend television programming. Captioning displays dialogue and may also identify who is speaking and include non-speech information conveyed through sound, such as sound effects, music and laughter.

32. For the hearing disabled, captioning is essential to understanding information being presented though audio/visual media features such as offered by the Defendant. Captioning is the established method by which the hearing impaired can fully understand the information that is being communicated.

33. Plaintiff's hearing impairment limits major life activities including his ability to hear. Therefore, Plaintiff is an individual with a disability under Title III of the "ADA", 42 U.S.C. §§ 12181-12189. Thus, Plaintiff is a qualified individual with a disability and is entitled to the protections of the ADA under 42 U.S.C. §12181, *et. seq.*

34. Public accommodations such as Defendant are required to provide full and equal enjoyment of their goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate to people with disabilities. 42 U.S.C. §12181(7)(F), §12182(a); 28 C.F.R. §36.203(a). Specifically, the public accommodation must:

a) Ensure that no individual is discriminated against on the basis of disability in the full and equal enjoyment of their goods, services, facilities, privileges, advantages or accommodations. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a);

b) Make reasonable modifications in policies, practices, or procedures when the modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to people with disabilities, unless the public accommodation can demonstrate that making the modifications would fundamentally alter the nature of the goods, services, facilities, privileges, advantages or accommodations. 42 U.S.C. §12181(9), § 12182(b)(1)(B), § 12188(a); 28 C.F.R. § 36.302(a);

c) Ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the public accommodation can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or would result in an undue burden, i.e., significant difficulty or expense. 42 U.S.C. §12818(9), §§ 12182(b)(2)(A)(ii), (iii); 28 C.F.R. §36.303(a);

d) Ensure that all of the television media features within its place(s) of public accommodation are readily accessible to, and usable by, people with disabilities. 42 U.S.C. §12183(a).

35. The Defendant has violated Title III of the ADA in numerous ways, including discriminatory action which occurred when the Defendant:

   a) Failed to maintain policies and procedures to ensure compliance with 42 U.S.C. §12182(a); 28 C.F.R. §36.303(a); specifically failed to provide auxiliary aids and services for patrons who are deaf or hard of hearing who use and watch the audio/visual media provided within the Defendant's place of public accommodation.

   b) Denied full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, and other advantages of the public accommodation in violation of 42 U.S.C. §§ 12182(b)(2)(A)(ii) & (iii), 28 C.F.R. §36.303(a), and 28 C.F.R. §36.303(b)(1).

36. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to require the Defendant to assure that its U-gas service station (place of public accommodation) provides full and equal enjoyment of goods, services, facilities, privileges, and advantages in the most integrated setting appropriate to people with disabilities. 42 U.S.C. §12181(9), §12812(a); 28 C.F.R. §36.201(a).

37. The Court is vested with the authority to require the Defendant to make reasonable modifications in policies, practices, or procedures when the modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to people with disabilities. 42 U.S.C. §12181(9), §12182(b)(2)(A)(ii); 28 C.F.R. §36.302(a).

**WHEREFORE,** Plaintiff Alexander Johnson respectfully prays that this Court grant the following relief against the Defendant Ocaris Management Group Inc including

entering a declaratory judgment, pursuant to Rule 57 of the FRCP stating that the Defendant's practices, policies, and procedures have subjected Plaintiff to discrimination in violation of Title III of the ADA, and permanently enjoin the Defendant from any practice, policy and/or procedure which will deny Plaintiff full and equal enjoyment of its goods, services, facilities, privileges, advantages and accommodations in the most integrated setting appropriate to people with disabilities. This includes entry of a permanent injunction ordering the Defendant Ocaris Management Group Inc:

    a)    To cease discrimination against the Plaintiff and other disabled persons;

    b)    To assure that Defendant's place of public accommodation provides full and equal enjoyment of its goods, services, facilities, privileges, advantages and accommodations in the most integrated setting appropriate to people with disabilities;

    c)    To furnish appropriate auxiliary aids and services for patrons who are deaf or hard of hearing for all audio/visual media features (including but not limited to providing closed captioning) and to ensure effective communication with people with disabilities unless the Defendant can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or result in an undue burden. "Auxiliary aids and services" includes open and closed captioning, assistive listening devices, assistive listening systems, videotext displays, accessible electronic and information technology or other effective methods of making aurally delivered information available to individuals who are deaf of hard of hearing in its place of

public accommodation. 42 U.S.C. §12181(9), §12182(b)(2)(A)(ii); 28 C.F.R. §36.303(a);

 d) Insure that all of Defendant's television media features are readily accessible to, and usable by, people with disabilities;

 e) Maintain in operable working condition those television features required to be accessible by said Order;

 f) Award reasonable costs and attorneys fees; and

 g) Award any and all other relief that may be necessary and appropriate.

## COUNT II - VIOLATION OF FLORIDA STATUTE §760

38. The Defendant has violated Florida Statute §760, which provides all persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, and advantages in any of public accommodation, without discrimination or segregation on the grounds of handicap.

39. The violation of Florida law was deliberate and knowing.

**WHEREFORE,** Plaintiff Alexander Johnson respectfully prays that this Court grant the following relief against the Defendant Ocaris Management Group Inc, including compensatory damages, damages for intangible injuries, punitive damages, costs including reasonable attorneys fees and interest and for the following injunctive relief and declaratory relief:

 a) A declaration that the policies and procedures of the Defendant violated Florida Statute §760 in that the Defendant has failed to consider and accommodate the needs of hearing disabled persons to the full extent required by Florida law.

b)      An Order mandating that the Defendant furnish appropriate auxiliary aids and services for patrons who are deaf or hard of hearing in all of its audio/visual media features (including but not limited to providing close captioning) where necessary and to ensure effective communication with people with disabilities. "Auxiliary aids and services" includes open and closed captioning, assistive listening devices, assistive listening systems, videotext displays, accessible electronic and information technology or other effective methods of making aurally delivered information available to individual who are deaf of hard of hearing in its place of public accommodation;

c)      An Order mandating that the Defendant train its employees (including management staff) to comply with all appropriate laws;

d)      An Order mandating that the Defendant evaluate its policies, practices, and procedures toward persons with disabilities and undertake and complete corrective measures to provide equal access to individuals with disabilities who are deaf or hard of hearing within a reasonable time;

e)      Award compensatory damages including but not limited to mental anguish, loss of dignity, and any other intangible injuries;

f)      Award reasonable costs and attorneys fees; and

g)      Award any and all other relief that may be necessary and appropriate.

Dated this 1st day of November 2018

Respectfully submitted,

*s/Scott Dinin*
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
inbox@dininlaw.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Action Number:

ALEXANDER JOHNSON,

    Plaintiff,

vs.

OCARIS MANAGEMENT GROUP INC
d/b/a U-Gas East Flagler,

    Defendant.

## VERIFICATION OF COMPLAINT

Plaintiff Alexander Johnson declares under penalty of perjury under the laws of the State of Florida that the allegations in the foregoing complaint are true and correct to the best of my belief, recollection and knowledge.

Date: 10-31-2018

*Alexander Johnson* (signature)
Alexander Johnson

**EXHIBIT "A"**