UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-24586-HUCK/BECERRA

**ALEXANDER JOHNSON**,

    Plaintiff,

v.

**OCARIS MANAGEMENT GROUP, INC,**
d/b/a U-GAS EAST FLAGLER

    Defendant.
_____/

## ORDER

**THIS MATTER** came before the Court through the Court's Order to Appear in Court and Show Cause as to why he should not be held in contempt of court for failure to comply with Court orders [ECF No. 172].

On August 23, 2019, this Court issued its Order Imposing Sanctions upon Plaintiff and his former counsel. [ECF No. 86]. That Order required Plaintiff to perform 400 hours of community service for the benefit of either Disability Independence Group, Inc. (a 501(c)(3) non-profit corporation serving the interests of the disabled community) or some other similar entity selected by the Plaintiff subject to this Court's approval. In a subsequent Order Modifying Sanctions and Dismissing Case with Prejudice, this Court modified its initial Order Imposing Sanctions, decreasing the number of required community service hours to 50 hours per year over three years beginning November 1, 2019. [ECF No. 104]. This Court later denied Plaintiff's Motion for Reconsideration of Imposed Sanctions and from Denial of Partial Stay. [ECF No.

1

111]. The United States Eleventh Circuit Court of Appeals affirmed the sanctions imposed by this Court. *Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300, 1318 (11th Cir. 2021).

In this Court's Order Modifying Sanctions and Dismissing Case with Prejudice, the Court required Plaintiff to "file a report with the Court stating the number of service hours performed to date" every six months. [ECF No. 104 at 3]. In this Court's Order Requiring Report of Compliance with Sanctions, this Court ordered Plaintiff to submit a status report that states his arrangements for the completion of community service to the benefitted organization in addition to the number of community service hours performed no later than September 13, 2021. [ECF No. 156]. On November 4, 2021, the Court held a status conference regarding Plaintiff's noncompliance, and the Court required Plaintiff to contact Matthew Dietz and arrange 50 hours of community service per year over three years for the benefit of either Disability Independence Group, Inc. (a 501(c)(3) non-profit corporation serving the interests of the disabled community) or some other similar entity selected by the Plaintiff subject to this Court's approval. [ECF No. 165 at 2]. The Court further ordered Plaintiff to file a report with the Court by November 11, 2021, notifying the Court of the date on which Plaintiff will begin community service, which shall be no later than November 18, 2021, or face additional sanctions. [ECF No. 165 at 2]. On November 16, 2021, Plaintiff emailed the Court's chambers informing the Court that Plaintiff met with Mr. Dietz and came to a general agreement for community service. On November 17, 2021, the Court subsequently approved the community service plan and arrangements, stating that Plaintiff "must file a community service hour report in any form [Plaintiff] choose[s] so long as Mr. Dietz approves the number of hours completed."

On August 22, 2022, the Court received an email from Mr. Dietz informing the Court that he could no longer offer Plaintiff volunteer responsibilities with Disability Independence Group,

Inc. because he has accepted a new clinical position. As a consequence, Mr. Dietz recommended that Plaintiff volunteer with Special Olympics. However, it appears from Mr. Dietz's email that Plaintiff has not performed any community service hours at Disability Independence Group, Inc. Moreover, the Court's review of the record shows that Plaintiff has once again failed to file a community service hours report in accordance with the Court's sanctions order, [ECF No. 104], its first order requiring report of compliance with sanctions, [ECF No. 156], its second order requiring report of compliance with sanctions, [ECF No. 165], the Court's November 17, 2021, email, and the Court's third order requiring report of compliance with sanctions [ECF No. 168].

The Court's third order requiring report of compliance with sanctions [ECF No. 168] issued August 25, 2022, informed Plaintiff that further noncompliance would result in sanctions. Because Plaintiff failed to comply with the Court's third order requiring report of compliance with sanctions, the Court determined that Plaintiff was potentially subject to being held in contempt of court. The Court determined that, in the interest of justice, Plaintiff should be represented in any future contempt proceedings and on October 7, 2022, appointed Assistant Federal Public Defender Ian McDonald [ECF No. 170].

On October 25, 2022, the Court issued an Order to Appear in Court and Show Cause as to why he should not be held in contempt of court for failure to comply with Court orders [ECF No. 172], and on November 3, 2022, the hearing was held. Plaintiff informed the Court that he had not yet completed any community service hours because of his problems with his physical and mental health. Plaintiff particularly emphasized his serious injuries resulting from a May 3, 2022, scooter accident. The Court noted that the accident had no impact on the Plaintiff's failure to perform even a single community service hour over the prior two and a half years. The Court was also not satisfied with the Plaintiff's argument that he had suffered depression and brain fog as a

result of this case, leaving him unable to complete any community services hours over the last three years. The Court finds Defendant's failure to comply with the numerous Court orders contumacious and contemptuous. Accordingly, for the reasons discussed above and at the hearing,

**IT IS ORDERED AND ADJUDGED** that Plaintiff is in contempt of court. Plaintiff is ordered to complete 156 hours of community service per year with an organization approved by the Court. Defendant shall complete at least 13 hours per month, and a monthly report from Plaintiff's supervisor shall be filed with the Court. Plaintiff shall file a report with suggested organizations by noon on Thursday, November 10, 2022. Absent extreme circumstances, failure to comply with either (1) completing the community service hours or (2) submitting the monthly reports to the Court will result in the Court ordering the U.S. Marshal's Office to take Plaintiff into the custody of the Bureau of Prisons for a period of 20 days.

**DONE AND ORDERED** in Miami, Florida, on November 4, 2022.

**Paul C. Huck**
**Senior United States District Judge**

cc:   Counsel of Record